Sean J. Riddell OSB#013943
Ashley Cadotte OSB#122926
Erin S. Greenawald OSB#990542
2905 NE Broadway St.,
Portland, OR 97232
sjr@seanjriddellpc.com
ashley@ashleycadottelaw.com
ering@greenawaldlaw1.com

**IN THE UNITED STATES DISCTRICT COURT**

**FOR THE DISTRICT OF OREGON**

Portland Division

| | |
|---|---|
| A.B. a minor, and J.B., a minor, by and through their parent and *guardian ad litem*, Elati Bourgeois,<br><br>Plaintiff,<br><br>v.<br><br>Lebanon Community School District;<br><br>Defendant. | **CASE NO. 3:25-CV-580**<br><br>**COMPLAINT**<br><br>Prayer:<br>Economic: $2,000,000.00 or an amount to be proven at trial<br>Non-economic: $4,000,000.00 or an amount<br>to be proven at trial<br><br>JURY TRIAL DEMAND |

Plaintiffs, A.B. and J.B., by and through their parent and attorneys of record, Sean J. Riddell, Ashley R. Cadotte, and Erin S. Greenawald, bring this action against Defendant, Lebanon Community School District, for violations of their rights under Title VI of the Civil Rights Act of 1964 (Title VI), 42 U.S.C. § 2000d, Oregon Revised Statute 659.850 et seq., and their right to equal protection of the laws under the Fourteenth Amendment to the U.S. Constitution pursuant to 42 U.S.C. § 1983.

## PARTIES

1.

At all times material, A.B. (Plaintiff), a minor by and through their parent Elati Bourgeois, attended Lebanon High School ("LHS") in Lebanon Community School District ("LCSD") from approximately September 2023 to October 2024 and is currently in 10th grade. A.B., female, is multi-racial, with African American and Pacific Islander ancestry. A.B. is also on an Individualized Education Plan ("IEP") and has been since elementary school. Additionally, A.B. was born with Radioulnar Synostosis, a rare condition that occurs when the radius and ulna bones of the forearm fuse together abnormally. A.B. has undergone multiple surgeries to her hands to enable her to participate in a general education environment.

2.

At all times material, J.B. (Plaintiff), a minor by and through their parent Elati Bourgeois, attended Cascades Elementary and Seven Oak Middle School in Lebanon Community School District from approximately September 2023 to October 2024 and is currently in 6th grade. J.B., male, is multi-racial, with African American and Pacific Islander ancestry.

3.

Lebanon Community School District ("Defendant" or "Defendant LCSD") is a public agency of the State of Oregon with its headquarters and activities located in Linn County, Oregon. Defendant has a registered office of 858 S. Fifth Street, Lebanon, Oregon 97355. Defendant is an entity able to be sued pursuant to ORS 30.265, 20 U.S.C. § 1681(a) and 28 U.S.C. §1391(b). At all times relevant to this Complaint, Defendant's agents were acting pursuant to Defendant's laws, customs, and/or policies. As the employer of Defendant's agents, Defendant LCSD is vicariously liable for all the tortious and unconstitutional acts and omissions

committed within the course and scope of their employment, pursuant to ORS 30.265. Defendant LCSD was and is a Public Employer under 659A.200(3). Defendant LCSD accepts federal funding. Defendant LCSD had a special relationship with plaintiffs pursuant to *Shin v. Sunriver Preparatory School*, 199 Or. App. 352 (Or. App. 2005).

**JURISDICTION AND VENUE**

4.

This action arises under the Fourteenth Amendment of the United States Constitution; 42 U.S.C. § 1983; Title VI of the Civil Rights Act of 1964 (Title VI), 42 U.S.C. § 2000d; and Oregon Revised Statute 659.850 et seq.

5.

This Court has jurisdiction to hear this Complaint and to adjudicate the claims stated herein pursuant to 28 U.S.C. § 1331 because the matters in controversy arise under the Constitution and laws of the United States.

6.

This Court also has supplemental jurisdiction with respect to claims arising under state law pursuant to 28 U.S.C. § 1367.

7.

This Court has personal jurisdiction over Defendant because Defendant Lebanon Community School District is a public agency of the State of Oregon with its headquarters and activities located in Linn County, Dallas.

//

//

//

8.

Venue is proper in this district under 28 U.S.C. § 1391 because the unlawful practices described herein have been committed by Defendant in the District of Oregon, the student records relevant to those practices are maintained and administered at the offices of the Defendant, and Defendant resides in Linn County, Oregon.

**FACTUAL ALLEGATIONS**

9.

J.B. has endured race-based discrimination and harassment by his peers while attending two schools within the Lebanon Community School District: Cascades Elementary school and Seven Oak Middle school.

10.

In October 2023, J.B., then a fifth grader at Cascades Elementary, was verbally assaulted by a same-age student, who is white. The white student told J.B. that his "species only eats bananas," and called J.B. the "N" word.[1] Another student intervened. J.B. and the intervening student reported the harassment to Cascades' Principal, Ryan Christner.

11.

Principal Christner called J.B.'s mother, Elati Bourgeois, and told her about the racial harassment J.B. had been subjected to. Mrs. Bourgeois requested a meeting with Principal Christner to discuss the incidents, the school's response to the incidents, and the school's plan to protect J.B. During the meeting, Principal Christner acknowledged that J.B. was subjected to race and bias-based harassment. Principal Christner, however, resisted following LCSD's Bias Incident Principal Response Guide, indicating that there was too much information to follow and

[1] This Complaint refers to the "N word" where the actual word used by J.B.'s white peers was "nigger."

that the training that he and his staff had received from LCSD employee Jordon Ford about how to follow the process, including how to fill out the Bias Incident Response ("BIR") form was insufficient. Principal Christner told Mrs. Bourgeois regarding Bias Incidents at Cascades Elementary, that "[n]othing is getting recorded. Nothing is getting done." Principal Christner asked Mrs. Bourgeois for her help in developing resources and tools for the school related to Bias Incident Response reporting.

12.

Mrs. Bourgeois requested all completed reports about the racial and bias-based harassment J.B. was subjected to in October 2023. Mrs. Bourgeois did not receive a report nor was she made aware of any finding included in any report regarding the incident. Further, Mrs. Bourgeois was not told if the offending student received discipline or consequence for his actions toward J.B. Further, no Safety Plan was developed and implemented for J.B. to ensure his protection from future harassment and discrimination.

13.

On or about March 8, 2024, A.B., then a ninth grader at Lebanon High School ("LHS"), was cornered in a classroom by three white male high school students. The male students placed desks in front of A.B., blocking her ability to get around the students. The offending students demanded A.B. tell them who she supported in the upcoming presidential election. They repeated "Biden or Trump?" at her until she answered them. After A.B. answered their question, they allowed her to leave the classroom. Prior to trapping A.B. in the corner of the classroom, at least one of the offending male students called A.B. the "N" word.[2] A.B. was the only Black or Brown student in the classroom at the time. The incident was reported to Associate Principal

[2] The "N" word refers to the word nigger.

Chad Angel, Principal Craig Swanson, and Superintendent Jennifer Meckley on the same day it occurred.

14.

A.B. did not feel safe attending school while LHS investigated the incident; she was absent from school for approximately a week. Following the completion of the investigation, Mrs. Bourgeois attended a meeting at LHS with two of the school's Assistant Principals to establish a Safety Plan for A.B. During this meeting, the Assistant Principals informed Mrs. Bourgeois that they couldn't disclose the consequences for the three male students involved in harassing A.B. but stated that they had implemented a no-contact order for all three male students to ensure A.B. could continue her education in a "safe environment."

15.

On or about September 3, 2024, A.B. started 10th grade at LHS. Notwithstanding the ongoing Safety Plan and no contact order with the three male students, LHS placed one of the offending male students in one of A.B.'s classes. After the start of the new school year, Mrs. Bourgeois noticed A.B.'s distress and asked her about it. This is how Mrs. Bourgeois learned of LHS's negligent placement of the offending male student in A.B.'s classroom. Mrs. Bourgeois immediately notified LHS and removed A.B. from school while LHS took steps to remove the offending male student from A.B.'s class and updated A.B.'s Safety Plan. The Safety Plan was updated on or about September 18, 2024.

16.

On or about September 24, 2024, J.B., a 6th grade student at Seven Oak Middle School was shoved while in the school hallway by a white male student. J.B. shoved the student back. The offending student then shoved J.B. into a locker. Two days later, on September 26th, the

offending student approached J.B. and another student of color and said the "N" word to them. On that same day, the offending student admitted to the school staff that he used the "N" word. J.B. was asked by school staff about the offending student using the "N" word. During the conversation with school staff, J.B. shared that the same student had also physically assaulted him two days earlier by shoving him into the locker.

17.

On September 26, 2024, Mrs. Bourgeois received a call from Seven Oak Principal, Collin McHill, informing her about the race and bias-based incidents J.B. had been subjected to. On or about September 27, 2024, Mrs. Bourgeois notified LCSD Superintendent Jennifer Meckley and LCSD Civil Rights Coordinator Michelle Steinhebel about the incidents, requesting to meet with them. On October 1, 2024, Mrs. Bourgeois met with Principal McHill, Principal Mike Hillman, LCSD Civil Rights Coordinator Michelle Steinhebel, and LCSD Superintendent Jennifer Meckley. Also present was Heather Carmichael, a Weaving Fala employee. Mrs. Bourgeois and Ms. Carmichael explained that the current process for reporting Bias Incidents was difficult to locate on the LCSD website. Ms. Steinhebel and Superintendent Meckley acknowledged that the reporting process guidelines were difficult to locate and agreed to improve the accessibility of the policies and procedures. During this meeting, Mrs. Bourgeois also discussed with those present the race and bias-based incidents that J.B. had been subjected to. Both Principal Hill and Principal McHill promised to investigate the incidents and follow up with Mrs. Bourgeois.

18.

On or about October 2, 2024, Principal McHill provided Mrs. Bourgeois with a "description of the investigation" and "Strategies for Support Plan" for J.B. regarding the race and bias-based

incidents he was subjected to the previous month. The description of investigation provided by Principal McHill was incorrect; Mrs. Bourgeois requested that the description be edited to reflect what happened to J.B. Additionally, the "Support Plan" does not include a no-contact provision for the offending student. Mrs. Bourgeois did not receive a final report based on the investigation.

19.

On or about October 10, 2024, while attending LHS, A.B. was subjected to race and bias-based harassment by a white male student. The offending student looked at A.B. and remarked, "at least I'm not Black," and "I don't steal. I'm not Black." Mrs. Bourgeois spoke via phone with LHS Associate Principal Chrissy Shanks about the incident. Mrs. Bourgeois and Ms. Shanks also exchanged emails wherein Mrs. Bourgeois requested that LHS initiate a formal Bias Incident Response (BIR) report pursuant to LCSD's Bias Incident Principal Response Guide and requested a copy of the findings and any actions taken to address the incident. As of November 8, 2024, Mrs. Bourgeois is unaware whether LHS initiated a formal BIR report.

20.

Mrs. Bourgeois and her husband, Jean-Luc Bourgeois, have lived in Lebanon, Oregon since 2006. During that time, Mrs. Bourgeois and her husband have been involved with LCSD by virtue of sending their six children to public schools. They have also been involved with LCSD through their community service and social justice work. Mrs. Bourgeois is well known in the Lebanon community for her work on social and racial equity issues.

21.

Mrs. Bourgeois is the founder and executive director of a non-profit organization called "Weaving Fala." The organization's mission is to develop and maintain partnerships in the

community to foster equitable growth in Lebanon. Due to her work in the community, individually, and with Weaving Fala, Mrs. Bourgeois is frequently contacted by fellow parents and community members of color with concerns and complaints about race and bias-based incidents that have occurred at schools within LCSD. Mrs. Bourgeois has been asked by LCSD parents to participate in conversations they have with LCSD staff and administration related to these concerns and complaints.

22.

Mrs. Bourgeois has received numerous concerns and complaints from parents and community members of color about bias and race-based incidents happening in at least seven schools within LCSD, including Cascade Elementary and Seven Oak Middle School. Mrs. Bourgeois has participated with LCSD staff and administration, including Superintendent Jennifer Meckley, in at least six conversations regarding the concerns and complaints she received from April 2024 – September 2024 alone.

23.

Defendant LCSD's Equal Education Opportunity policy states, in relevant part:

*Every student of the district will be given equal education opportunities regardless of age, sex, sexual orientation, gender identity, race, religion, color, national origin, disability, marital status, familial status, parental status, linguistic background, socioeconomic status, capability or geographic location.*

*No student will be excluded from participating in, denied the benefits of, or subjected to discrimination under any educational program or activity conducted by the district or denied access to facilities in the district.*

*All reports, complaints or information will be investigated.*

The EEO policy (FN1) refers to Title VI of the Civil Rights Act of 1964, 42 U.S.C. Section 2000d (2018).

//

//

24.

Defendant LCSD's Hazing/Harassment/Intimidation/Bullying/Menacing/Cyberbullying or Teen Dating Violence Reporting Procedures—Student Policy states, in relevant part:

*Administrators have responsibility for investigations concerning acts of hazing, harassment, intimidation or bullying, menacing, acts of cyberbullying, and incidents of teen dating violence. The investigator(s) shall be a neutral party having had no involvement in the report presented.*

*Documentation related to the incident may be maintained as a part of the student's education records. Additionally, a copy of all reported acts of hazing, harassment, intimidation or bullying, menacing, or cyberbullying, or incidents of teen dating violence and documentation will be maintained as a confidential file in the district office.*

25.

Defendant LCSD has a Federal Law (Title IX) Sexual Harassment Complaint Procedure policy. However, Defendant does not have, or one is not readily available on its public website, a Federal Law Title IX Complaint Procedure policy unrelated to sexual harassment. Instead, Defendant has a general Discrimination Complaint Procedure policy that states, in relevant part:

*Complaints regarding discrimination or harassment, on any basis protected by law, shall be processed in accordance with the following procedures:*

*Step 1: Complaints may be oral or in writing and must be filed with the administrator. The administrator shall determine the action to be taken, if any, and reply, in writing, to the complainant within five school days of receipt of the complaint.*

*Any staff member that receives a written or oral complaint shall report the complaint to the administrator.*

26.

On September 18, 2020, the Oregon Department of Education issued Temporary Rule 581-022-2312, entitled "All Students Belong." The Rule required that on or before January 1, 2021, school districts, public charter schools, the Oregon School for the Deaf, and Education Service Districts must adopt a policy that must, in part, establish procedures for addressing bias incidents. The Rule sets forth in detail what those procedures should include. The Temporary Rule was made permanent on February 9, 2021. On October 26, 2021, the Rule was amended,

expanding a school district's requirements for addressing bias incidents. The Rule requires, in part, that the education provider develop and implement instructional materials to make this policy and related practices, including reporting procedures, educational processes and possible consequences, known to all school employees and students of the education provider.

27.

On January 14, 2021, LCSD adopted its "All Students Belong" policy, Code: ACB. As of April 8, 2025, this policy appeared on LCSD's public-facing website. Per the policy, "[t]he district will use administrative regulation ACB-AR – Bias Incident Complaint Procedure to process reports or complaints of bias incidents." As of April 8, 2025, ACB-AR was not on LCSD's public-facing website. (Exhibit 1) The inability to access LCSD's Bias Incident Complaint Procedure makes it impossible to determine the extent of LCSD's lack of compliance with Rule 581-022-2312. Further, the inability to access LCSD's Bias Incident Complaint Procedure makes it impossible to determine the extent to which LCSD is noncompliant with its own policies and procedures in responding to J.B. and A.B.'s reports of race and bias-based harassment.

28.

Mrs. Bourgeois made numerous inquiries and complaints to LCSD administration regarding the above-described race and bias-based incidents involving J.B. and A.B, but no meaningful steps were taken by LCSD pursuant to its own publicly available policies to effectively address the discrimination and harassment her children repeatedly endured.

//

//

//

29.

Due to the repeated race and bias-based harassment, lack of meaningful response by the school, and negligent placement of one of the offending students in her classes in violation of its own Safety Plan, A.B. felt unsupported by LCSD and unsafe in the school environment.

30.

Mrs. Bourgeois contacted the Oregon Department of Education for support to assist A.B. On October 18, 2024, Mrs. Bourgeois met remotely with Dr. Marinda Peters, Section 504 and Civil Rights Specialist. Following the meeting, Dr. Peters, via email, provided Mrs. Bourgeois resources and information to help A.B. In the email to Mrs. Bourgeois, Dr. Peters wrote, "It sounds like you (sic) daughter experienced discriminatory harassment that rose to the level of creating a hostile environment which may have disrupted access to a free appropriate public education (FAP) guaranteed to her as a student with a disability."

31.

On or about October 29, 2024, Mrs. Bourgeois notified Principal Craig McHill that A.B. would be removed from LHS to attend online school.

32.

As a result of the repeated incidents of race and bias-based harassment against A.B. and the district's failure to protect her, A.B has suffered and continues to suffer emotional trauma. Additionally, prior to the incidents beginning in March 2024 to present, A.B. was on track with her education to complete the requirements for a general High School diploma. The harassment she's endured along with LCSD's lack of support and protection of her related to the harassment, however, have impacted A.B.'s ability to meaningfully participate in her classes resulting in

diminished academic performance and a decreased likelihood that A.B. will achieve a general diploma. This outcome has, in turn, compounded the emotional harm A.B. has suffered.

33.

As a result of the repeated incidents of race and bias-based harassment against J.B. and the district's failure to protect him, J.B has suffered and continues to suffer emotional trauma.

## CAUSES OF ACTION

### FIRST CLAIM OF RELIEF (Plaintiff, J.B.)

42 U.S.C. § 1983

*Denial of Equal Protection, Race Discrimination and Failure to Train*

34.

Plaintiff J.B. re-alleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

35.

Under the Equal Protection Clause of the Fourteenth Amendment, Plaintiff has the right to equal access to an educational environment free from harassment and discrimination on the basis of race.

36.

At all times relevant, Defendant had unconstitutional customs, policies, or practices of (a) failing to appropriately respond and investigate reports of racial harassment and discrimination; (b) failing to enforce its policies prohibiting discrimination and harassment when victims are African-American or multi-racial; and (c) failing to adequately train Defendant's administrators and employees on how to recognize, address, and prevent racial harassment and discrimination against its students.

//

37.

Defendant's unconstitutional customs, policies, or practices constituted disparate treatment of Plaintiff based on his race, in violation of the Equal Protection Clause.

38.

Defendant's customs, policies, and practices for responding to reports of racial harassment and discrimination by Plaintiff were so clearly inadequate that they give rise to a reasonable inference that Defendant consciously acquiesced in the harassment and discrimination.

39.

Defendant violated Plaintiff's right to equal protection of the laws on the basis of his race by acting with deliberate indifference to Plaintiff's reports of racial harassment and discrimination, as well as to the racially hostile education environment Plaintiff suffered because of Defendant's failure to take meaningful corrective action.

Defendant's deliberate indifference included, without limitation:

a) Ignoring or minimizing racial slurs and innuendos repeatedly used by white students against J.B.;

b) Creating a hostile educational climate that tolerates racial harassment and discrimination;

c) Failing to appropriately discipline students who subjected Plaintiff to racial harassment or discrimination;

d) Failing to take meaningful action to correct the conditions causing the racial harassment and discrimination and to prevent its recurrence; and

e) Failing to provide adequate training for its administrators and employees to prevent and address racial harassment and discrimination despite having notice that its procedures were inadequate and resulting in a violation of Plaintiff's constitutional rights.

40.

Defendant's actions and decisions have deprived Plaintiff of the privileges and immunities secured by the U.S. Constitution and laws, in violation of 42 U.S.C. § 1983.

41.

As a direct and proximate result of Defendant's violation of Plaintiff's equal protection rights under the Fourteenth Amendment, Plaintiff has suffered and continues to suffer losses of educational opportunities and benefits, along with injuries, damages and losses, including, but not limited to: emotional distress, fear, anxiety and trauma; lost future earnings and earning capacity; and other damages. Plaintiff prays for an award of economic damages in the amount of $250,000.00 or an amount to be proven at trial. Plaintiff prays for an award of non-economic damages in the amount of $500,000.00 or an amount to be proven at trial.

42.

As a result of Defendant's equal protection violation, Plaintiff is also entitled to attorneys' fees and costs.

**SECOND CLAIM FOR RELIEF (Plaintiff J.B.)**
Title VI, 42 U.S.C. § 2000d
*Race Discrimination*

43.

Plaintiff J.B. re-alleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

44.

42 U.S.C. § 2000d, commonly referred to as Title VI, and its implementing regulations prohibit discrimination in a federally funded school on the basis of a student's race. Specifically, 42 U.S.C. § 2000d provides that "No person in the United States shall, on the ground of race, color, or national origin, be exclude from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."

45.

Defendant is a recipient of federal funds.

46.

Plaintiff was subjected to harassment, discrimination, and disparate treatment on the basis of his race.

47.

Defendant had notice of the race and bias-based hostility occurring in its schools, as well as its lack of adequate and effective response. In 2006, Mrs. Bourgeois first reported to LCSD administrators about race and bias-based harassment toward her children when her eldest son was in the fifth grade at Cascades Elementary school. Seventeen years later, in 2023, Cascades Elementary Principal Christner told Mrs. Bourgeois regarding Bias Incidents that "nothing is being recorded. Nothing is getting done." In October 2023, Principal Christner asked Mrs. Bourgeois for her help in responding and reporting to bias-based incidents. Mrs. Bourgeois spoke with LCSD employee Jordon Ford about the lack of training for administrators and staff regarding LCSD's Bias Incidents Principals Response Guide. Mr. Ford told Mrs. Bourgeois that the District allowed only fifteen minutes per year to provide training on Bias Incident Reporting. In early 2024, Mrs. Bourgeois spoke with principals from three different LCSD schools, Seven

Oak, Pioneer, and Hamilton Creek, none of whom had even seen the Bias Incident Response Guide. In early 2024, Superintendent Jennifer Meckley requested that Mrs. Bourgeois facilitate "listening sessions" with staff and administrators at four LCSD schools, including Cascades and Seven Oak, related to racial equity. Despite being on notice, Defendant failed to take remedial measures to prevent further discrimination of Plaintiff, allowing the behavior to continue.

48.

Racial hostility permeated (and continues to permeate) Defendant LCSD's culture with such severity and pervasiveness as to significantly alter the conditions of Plaintiff's educational environment and thereby denying Plaintiff equal access to the school's resources and opportunities.

49.

Defendant, despite actual knowledge and adequate opportunity to learn of this misconduct, failed to act to remedy the harassment, discrimination, and disparate treatment of Plaintiff.

50.

As a direct result of the actions and conduct of Defendant, Plaintiff suffered and continues to suffer emotional distress, loss of companionship, loss of educational opportunities, and other damages. Plaintiff prays for an award of economic damages in the amount of $250,000.00 or an amount to be proven at trial. Plaintiff prays for an award of non-economic damages in the amount of $500,000.00 or an amount to be proven at trial.

51.

As a result of Defendant's violation, Plaintiff is also entitled to attorneys' fees and costs.

//

**THIRD CLAIM FOR RELIEF (Plaintiff J.B.)**
Oregon Revised Statute 659.850 et seq.
*Race Discrimination*

52.

By reference hereto, Plaintiffs incorporate the preceding paragraphs by reference as if fully stated herein.

53.

Under Oregon Revised Statutes, discrimination in education is prohibited. ORS § 659.850.

54.

As such, Defendant had a duty to provide Plaintiff with an educational atmosphere free of race discrimination.

55.

Defendant failed to take adequate steps to provide Plaintiff with an educational atmosphere free of race discrimination.

56.

As a result of Defendant's conduct, customs, policies, and practices, Plaintiff was unjustly and discriminatorily deprived of equal education opportunities and benefits.

57.

As a direct result of the actions and conduct of Defendant, Plaintiff suffered and continue to suffer emotional distress, loss of companionship, loss of educational opportunities, and other damages. Plaintiff prays for an award of economic damages in the amount of $250,000.00 or an amount to be proven at trial. Plaintiff prays for an award of non-economic damages in the amount of $500,000.00 or an amount to be proven at trial.

58.

As a result of Defendant's violation, Plaintiff is also entitled to attorneys' fees and costs.

**FOURTH CLAIM FOR RELIEF (Plaintiff J.B.)**
*Negligence*

59.

Plaintiff re-alleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

60.

Defendant has a special relationship with Plaintiff. Defendant owed Plaintiff a duty to provide Plaintiff with an educational environment free from racial discrimination and protect Plaintiff from known racially discriminatory behavior.

61.

Defendant breached their duty to Plaintiff in one or more of the following ways:

a) Ignoring or minimizing racial slurs and innuendos repeatedly used by white students against J.B.;

b) Creating a hostile educational climate that tolerates racial harassment and discrimination;

c) Failing to appropriately discipline students who subjected Plaintiff to racial harassment or discrimination;

d) Failing to take meaningful action to correct the conditions causing the racial harassment and discrimination and to prevent its recurrence; and

e) Failing to provide adequate training for its administrators and employees to prevent and address racial harassment and discrimination despite having notice that its

procedures were inadequate and resulting in a violation of Plaintiff's constitutional rights.

62.

As a result of Defendant's negligence, Plaintiff suffered economic damages, including medical/counseling expenses, future medical expenses, and past expenses relating to a private primary education for a total of $250,000, the actual amounts to be proven at trial.

63.

As a further result of Defendant's negligence, Plaintiff suffered non-economic losses, including, but not limited to, emotional injury and mental anguish, trauma, an inability to form close relationships, nightmares and sleep disruption, mistrust in the intentions of others, lack of self-esteem, depression, and anxiety. Plaintiff prays for non-economic damages arising from the acts alleged in this claim in the amount of $500,000.00, the actual amount to be proven at trial.

64.

Plaintiff reserves the right to amend for the addition of punitive damages pursuant to ORS 31.725 – 31.730.

**FIFTH CLAIM FOR RELIEF (Plaintiff, A.B.)**
42 U.S.C. § 1983
*Denial of Equal Protection, Race Discrimination and Failure to Train*

65.

Plaintiff A.B. re-alleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

//

//

//

66.

Under the Equal Protection Clause of the Fourteenth Amendment, Plaintiff has the right to equal access to an educational environment free from harassment and discrimination on the basis of race.

67.

At all times relevant, Defendant had unconstitutional customs, policies, or practices of (a) failing to appropriately respond and investigate reports of racial harassment and discrimination; (b) failing to enforce its policies prohibiting discrimination and harassment when victims are African-American or multi-racial; and (c) failing to adequately train Defendant's administrators and employees on how to recognize, address, and prevent racial harassment and discrimination against its students.

68.

Defendant's unconstitutional customs, policies, or practices constituted disparate treatment of Plaintiff based on her race, in violation of the Equal Protection Clause.

69.

Defendant's customs, policies, and practices for responding to reports of racial harassment and discrimination by Plaintiff were so clearly inadequate that they give rise to a reasonable inference that Defendant consciously acquiesced in the harassment and discrimination.

70.

Defendant violated Plaintiff's right to equal protection of the laws on the basis of her race by acting with deliberate indifference to Plaintiff's reports of racial harassment and discrimination, as well as to the racially hostile education environment Plaintiff suffered

because of Defendant's failure to take meaningful corrective action. Defendant's deliberate indifference included, without limitation:

f) Ignoring or minimizing racial slurs and innuendos repeatedly used by white students against A.B.;

g) Creating a hostile educational climate that tolerates racial harassment and discrimination;

h) Failing to appropriately discipline students who subjected Plaintiff to racial harassment or discrimination;

i) Failing to take meaningful action to correct the conditions causing the racial harassment and discrimination and to prevent its recurrence; and

j) Failing to provide adequate training for its administrators and employees to prevent and address racial harassment and discrimination despite having notice that its procedures were inadequate and resulting in a violation of Plaintiff's constitutional rights.

71.

Defendant's actions and decisions have deprived Plaintiff of the privileges and immunities secured by the U.S. Constitution and laws, in violation of 42 U.S.C. § 1983.

72.

As a direct and proximate result of Defendant's violation of Plaintiff's equal protection rights under the Fourteenth Amendment, Plaintiff has suffered and continues to suffer losses of educational opportunities and benefits, along with injuries, damages and losses, including, but not limited to: emotional distress, fear, anxiety and trauma; lost future earnings and earning capacity; and other damages. Plaintiff prays for an award of economic damages in

the amount of $250,000.00 or an amount to be proven at trial. Plaintiff prays for an award of non-economic damages in the amount of $500,000.00 or an amount to be proven at trial.

73.

As a result of Defendant's equal protection violation, Plaintiff is also entitled to attorneys' fees and costs.

**SIXTH CLAIM FOR RELIEF (Plaintiff A.B.)**
Title VI, 42 U.S.C. § 2000d
*Race Discrimination*

74.

Plaintiff A.B re-alleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

75.

42 U.S.C. § 2000d, commonly referred to as Title VI, and its implementing regulations prohibit discrimination in a federally funded school on the basis of a student's race. Specifically, 42 U.S.C. § 2000d provides that "No person in the United States shall, on the ground of race, color, or national origin, be exclude from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."

76.

Defendant is a recipient of federal funds.

77.

Plaintiff was subjected to harassment, discrimination, and disparate treatment on the basis of her race.

//

78.

Defendant had notice of the race and bias-based hostility occurring in its schools, as well as its lack of adequate and effective response. In 2006, Mrs. Bourgeois first reported to LCSD administrators about race and bias-based harassment toward her children when her eldest son was in the fifth grade at Cascades Elementary school. Seventeen years later, in 2023, Cascades Elementary Principal Christner told Mrs. Bourgeois regarding Bias Incidents that "nothing is being recorded. Nothing is getting done." In October 2023, Principal Christner asked Mrs. Bourgeois for her help in responding and reporting to bias-based incidents. In early 2024, Superintendent Jennifer Meckley requested that Mrs. Bourgeois facilitate "listening sessions" with staff and administrators at four LCSD schools, including Cascades and Seven Oak, related to racial equity. Despite being on notice, Defendant failed to take remedial measures to prevent further discrimination of Plaintiff, allowing the behavior to continue.

79.

Racial hostility permeated (and continues to permeate) Defendant's culture with such severity and pervasiveness as to significantly alter the conditions of Plaintiff's educational environment and thereby denying Plaintiff equal access to the school's resources and opportunities.

80.

Defendant, despite actual knowledge and adequate opportunity to learn of this misconduct, failed to act to remedy the harassment, discrimination, and disparate treatment of Plaintiff.

//

//

81.

As a direct result of the actions and conduct of Defendant, Plaintiff suffered and continues to suffer emotional distress, loss of companionship, loss of educational opportunities, and other damages. Plaintiff prays for an award of economic damages in the amount of $250,000.00 or an amount to be proven at trial. Plaintiff prays for an award of non-economic damages in the amount of $500,000.00 or an amount to be proven at trial.

82.

As a result of Defendant's violation, Plaintiff is also entitled to attorneys' fees and costs.

**SEVENTH CLAIM FOR RELIEF (Plaintiff A.B.)**
Oregon Revised Statute 659.850 et seq.
*Race Discrimination*

83.

By reference hereto, Plaintiffs incorporate the preceding paragraphs by reference as if fully stated herein.

84.

Under Oregon Revised Statutes, discrimination in education is prohibited. ORS § 659.850.

85.

As such, Defendant had a duty to provide Plaintiff with an educational atmosphere free of race discrimination.

86.

Defendant failed to take adequate steps to provide Plaintiff with an educational atmosphere free of race discrimination.

//

87.

As a result of Defendant's conduct, customs, policies, and practices, Plaintiff was unjustly and discriminatorily deprived of equal education opportunities and benefits.

88.

As a direct result of the actions and conduct of Defendant, Plaintiff suffered and continue to suffer emotional distress, loss of companionship, loss of educational opportunities, and other damages. Plaintiff prays for an award of economic damages in the amount of $250,000.00 or an amount to be proven at trial. Plaintiff prays for an award of non-economic damages in the amount of $500,000.00 or an amount to be proven at trial.

89.

As a result of Defendant's violation, Plaintiff is also entitled to attorneys' fees and costs.

**EIGHTH CLAIM FOR RELIEF (Plaintiff A.B.)**
*Negligence*

90.

Plaintiff re-alleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

91.

Defendant had a special relationship with Plaintiff. Defendant owed Plaintiff a duty to provide Plaintiff with an educational environment free from racial discrimination and protect Plaintiff from known racially discriminatory behavior.

92.

Defendant breached their duty to Plaintiff in one or more of the following ways:

f) Ignoring or minimizing racial slurs and innuendos repeatedly used by white students against A.B;

g) Creating a hostile educational climate that tolerates racial harassment and discrimination;

h) Failing to appropriately discipline students who subjected Plaintiff to racial harassment or discrimination;

i) Failing to take meaningful action to correct the conditions causing the racial harassment and discrimination and to prevent its recurrence; and

j) Failing to provide adequate training for its administrators and employees to prevent and address racial harassment and discrimination despite having notice that its procedures were inadequate and resulting in a violation of Plaintiff's constitutional rights.

93.

As a result of Defendant's negligence, Plaintiff suffered economic damages, including medical/counseling expenses, future medical expenses, and past expenses relating to a private primary education for a total of $250,000, the actual amounts to be proven at trial.

94.

As a further result of Defendant's negligence, Plaintiff suffered non-economic losses, including, but not limited to, emotional injury and mental anguish, trauma, an inability to form close relationships, nightmares and sleep disruption, mistrust in the intentions of others, lack of self-esteem, depression, and anxiety. Plaintiff prays for non-economic damages arising from the acts alleged in this claim in the amount of $500,000.00, the actual amount to be proven at trial.

//

//

95.

Plaintiff reserves the right to amend for the addition of punitive damages pursuant to ORS 31.725 – 31.730.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs requests relief as follows:

A. For an Order adjudging the practices of Defendant complained of herein to be in violation of the rights guaranteed to Plaintiffs under Federal and Oregon State law;

B. Issue a permanent injunction that directs Defendant to comply with Federal and State law;

C. Leave to add additional plaintiffs or claims by motion or any other method approved by the Court;

D. For an award to Plaintiffs against Defendant of all relief available under 42 U.S.C. § 1983, 42 U.S.C. § 2000d, and Oregon Revised Statute 659.850 et seq., in amounts to be determined at trial, with interest on such amounts;

E. For an award of Plaintiffs' compensatory damages in an amount to be determined at trial for mental anguish, severe emotional distress, serious mental injury, injury to reputation, past and future economic loss, deprivations of due process, loss of educational opportunities, loss of future career prospects, and other injuries proximately caused by the wrongful conduct of Defendant; Plaintiffs separately pray for an award of economic damages in the amount of $1,000,000.00 or an amount to be proven at trial; and Plaintiffs separately pray for an award of non-economic damages in the amount of $2,000,000.00 or an amount to be proven at trial;

F. For an award to Plaintiffs of their attorneys' fees, disbursements, and the costs of this action, pursuant to ORS 659.860(7), and 42 USC § 1988(b); and

G. For such other and further relief as the Court deems just and equitable.

Dated this 9th day of April 2025.

*/s/ Sean J. Riddell*
Sean J. Riddell, OSB #013943
2905 NE Broadway St.
Portland, OR 97232
971 219 8453
sjr@seanjriddellpc.com

*/s/Ashley R. Cadotte*
Ashley R. Cadotte, OSB# 122926
ashley@ashleycadottelaw.com

/s/ Erin S. Greenawald
Erin S. Greenawald, OSB#990542
ering@greenawaldlaw1.com
Attorneys for the Plaintiff

# Page Not Found



Skip To Main Content

English

Hmm...

The page you are looking for could not be found. The link may be outdated, we may have moved the page since you last bookmarked it, or it may be temporarily unavailable.

---

Error code: 404

Go to Homepage (/fs/pages/2)

View a Sitemap (/fs/pages/4)

Contact Us (/fs/pages/396)

